IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAWN WARREN, | § | |
| | § | No. 50, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for County |
| | § | Cr. ID Nos. 1010007212 and |
| Plaintiff Below- | § | 1010008558 |
| Appellee. | § | |

Submitted: February 23, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 6th day of March 2015, it appears to the Court that:

(1)     On February 9, 2015, the Court received appellant's notice of appeal from a Superior Court violation of probation sentencing order entered on January 6, 2015. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before February 5, 2015.

(2)     The Chief Deputy Clerk issued a notice under Supreme Court Rule 29(b), directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to

---

[1] Del. Supr. Ct. R. 6(a)(ii).

show cause on February 23, 2015. His response does not address the untimeliness of his appeal.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5] The appellant has not made such a showing. Accordingly, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

_____
Justice

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a).
[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

-2-